Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3973 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Horne et al v. Northeast Illinois Regional Commuter Railroad Corporation et al. | | |

**DOCKET ENTRY TEXT**

Motion by Defendants Northeast Illinois Regional Commuter Railroad Corporation, L. Luster, and L. Geans for summary judgment [52] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

In the early morning hours of July 5, 2007, plaintiffs Venus Horne ("Horne") and her then-thirteen year-old daughter, Kashmire Clemons ("Clemons") (together, "plaintiffs"), were waiting for a train at the Van Buren Street Metra station. Horne and Clemons were with a number of other family members, including Horne's seven-year-old twins, and her friend, Dorothy Williams ("Williams"). While they waited for the train, the twins were running around in a circle, pushing the stroller carrying the infant child of Horne's niece.

The trouble began when Metra police officer Lyndell Luster ("Luster") approached Horne and Williams. Precisely what Luster said and what happened next is disputed. Under Fed. R. Civ. P. 56, however, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. According to evidence cited by the plaintiffs, Luster asked, "Whose mother fucking kids are these?" and said, "You need to get these mother fucking kids." Horne was speechless and said nothing in response. As Luster began argue with Williams, Horne and her children boarded the train, standing in the vestibule area because no seats were available. Luster then began yelling at Horne, calling her names such as "bitch." Horne claims that she was frustrated and embarrassed by Luster's conduct, and that at one point she swore back at him.

According to plaintiffs, officer Larry Geanes ("Geanes")then boarded the train and "got in [Horne's] face," cursing, calling her names, and

spitting in her face as he yelled. Geanes grabbed Horne, pulled her off of the train, threw her down on the platform, forcibly handcuffed her by placing a knee on the back of her shoulder, and dragged her on the ground for a few feet. While this was taking place, Clemons walked towards her mother to see what was happening. When Geanes saw Clemons approach, he punched her in the face.

Horne was charged with resisting arrest, disorderly conduct, and battery. No charges were brought against Clemons. After a jury trial in April 2008, Horne was found not guilty of battery but guilty of resisting arrest and disorderly conduct. Due apparently to the post-deliberation impanelment of a juror, Horne had to be tried again on the latter two charges. After a bench trial in March 2009, she was found not guilty of resisting arrest and disorderly conduct.

Horne and Clemons subsequently filed a four-count complaint against defendants Geanes, Luster, and Metra. Defendants have moved for summary judgment. As explained below, the motion is denied.

**Count I**

Count I alleges that Luster and Geanes violated 42 U.S.C. § 1983 by subjecting the plaintiffs to unreasonable seizures and depriving them of their Fourth Amendment rights. The defendants contend that summary judgment should be granted in favor of Luster because he had no physical contact with either of the plaintiffs. Plaintiffs agree that Luster had no physical contact with Clemons; but plaintiffs say that they do not seek to hold Luster liable for violating Clemons's rights. *See* Pls.' Resp. at 5 n.4. On the other hand, plaintiffs do claim that Luster violated Horne's rights, and they have adduced evidence -- from Luster's own deposition -- that he assisted Geanes in handcuffing Horne. Hence, insofar as Luster is concerned, defendants' motion to dismiss Count I is denied.

As to Geanes, the defendants argue that they are entitled to summary judgment because Geanes had probable cause to arrest Horne. Specifically, defendants argue that Geanes had probable cause to arrest Horne for resisting a lawful order of a law enforcement officer when she refused to obey his order to calm down and stop creating a disturbance. But Horne expressly denies that she was ever given an order to cease and desist by Geanes. *See* Pls.' Ex. E at 84:18-20. Rather, Horne claims that she was told only to "watch her fucking kids" and to "shut the fuck up." Further, even assuming that Horne continued to argue with Geanes after he ordered her to calm down, it would not necessarily follow that he had probable cause to arrest her for resisting. *See, e.g.*, *Gonzalez v. City of Elgin*, 578 F.3d 526, 538 (7th Cir. 2009) ("It is well settled under Illinois law ... that the resistance must be physical; mere argument will not suffice. In fact . . . the First Amendment protects even profanity-laden speech directed at police officers.")(quotation marks and citations omitted).

I also reject Geanes's argument that he is entitled to qualified immunity in connection with Count I. "With an unlawful arrest claim in a § 1983 action when a defense of qualified immunity has been raised, [the

court will] review to determine if the officer actually had probable cause or, if there was no probable cause, whether a reasonable officer could have mistakenly believed that probable cause existed." *Wollin v. Gondert*, 192 F.3d 616, 621 (7th Cir.1999). As previously stated, Horne claims that she was never given an order to cease and desist. If in fact she never was given such an order, it goes without saying that no officer could reasonably have believed that he had probable cause to arrest her for refusing to obey the order.

Finally, although Count I's unreasonable seizure claim is alleged against Geanes by both Horne and Clemons, defendants argue for summary judgment only with respect to Horne's claim against Geanes. Having failed to address Clemons's unreasonable seizure claim against Geanes, the argument is forfeited. *See, e.g.*, *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991).

**Count II**

In Count II, both Horne and Clemons assert a § 1983 claim against Geanes for excessive force. Excessive force claims brought pursuant to § 1983 are analyzed under the Fourth Amendment's reasonableness standard. *See, e.g.*, *McCoy v. Harrison*, 341 F.3d 600, 605 (7th Cir. 2003). Defendants simply insist that Geanes used a reasonable amount of force in his encounter with the plaintiffs. But based on plaintiffs' account of the facts, Geanes's use of force was almost entirely unprovoked and a jury could reasonably conclude that his use of force was excessive. Defendants contend that the plaintiffs' version of the incident is not credible. They claim that the plaintiffs offer an "unlikely scenario where, for reasons and motivations unknown, two Metra police officers randomly selected" Horne, who "suddenly and without warning became the target of Officer Luster's verbal barrage." Reply at 2. Accepting this argument would clearly require me to weigh the evidence, which is plainly forbidden on a motion for summary judgment. The defendants complain that the plaintiffs' account of the incident is based almost entirely on their own statements about what happened. While this is largely true, it is beside the point, for the Seventh Circuit has "long held that a plaintiff may defeat summary judgment with his or her own deposition." *Paz v. Wauconda Healthcare and Rehabilitation Centre, LLC*, 464 F.3d 659, 664-65 (7th Cir. 2006); *see also Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003); *Winskunas v. Birnbaum*, 23 F.3d 1264, 1267 (7th Cir. 1994). Here, in addition to their depositions, the plaintiffs cite to their testimony during Horne's criminal trials. Defendants offer no argument as to why this evidence is insufficient to defeat a motion for summary judgment.

As in Count I, defendants argue in the alternative that they are entitled to qualified immunity. Here, too, the argument fails. Geanes's actions are protected by qualified immunity only if he could reasonably have believed that he used a reasonable degree of force in dealing with Horne and Clemons. On this record, a jury could find that Geanes could not have had such a belief. *See, e.g.*, *Espinoza v. City of Indianapolis*, 1:04-CV-1009-LJM-VSS, 2006 WL 905917, at *3 n.3(S.D. Ind. April 7, 2006). ("Indeed, qualified immunity normally will not apply in excessive force

cases where there are questions of fact.").

As a result, defendants are denied summary judgment with respect to Count II.

**Count III**

In Count III, Horne asserts a claim for malicious prosecution against Geanes and Metra. Geanes argues that the claim fails because there was probable cause for Horne's arrest and probable cause is an absolute defense to claims for malicious prosecution. *See, e.g.*, *Porter v. City of Chicago*, 912 N.E.2d 1262, 1271 (Ill. App. Ct. 2009) (probable cause is an absolute defense to malicious prosecution). As already explained, Horne has raised a disputed issue of fact with respect to the question whether Geanes had probable cause to arrest her. Hence, defendants are not entitled to summary judgment insofar as Horne's claim against Geanes is concerned.

Nor are the defendants entitled to summary judgment insofar as Count III is asserted against Metra. Defendants argue that plaintiffs' claim fails in light of the Illinois Tort Immunity Act, which immunizes public entities and employees for acts or omissions "in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." *Floyd ex rel. Floyd v. Rockford Park Dist.*, 823 N.E.2d 1004, 1010 (Ill. App. Ct. 2005); *see also Jacobson v. National R.R. Passenger Corp.*, No. 97 C 6012, 1999 WL 1101299, at *7 (N.D. Ill. Nov. 29, 1999) (noting that Metra is covered under the Illinois Tort Immunity Act). Defendants argue that neither Luster nor Geanes acted willfully or wantonly. As the Seventh Circuit has noted, however, "[w]hether an officer acted [wilfully and wantonly] is normally a question of fact to be determined by the jury." *Chelios v. Heavener*, 520 F.3d 678, 693 (7th Cir. 2008) (quotation marks omitted). The evidence cited by the plaintiffs is enough to create a question of material fact on this issue.

**Count IV**

In Count IV, Clemons asserts a battery claim against Geanes and Metra. Clemons testified that Geanes punched her in the face as she "walked over to see what was happening" to her mother. The defendants fail to adequately address this claim. To the extent that they discuss it at all, they simply claim that "[o]nce outside the train, Plaintiff Clemons needed to stay calm and away from the Metra police officers in the performance of their duties. Under the circumstances, the Metra officers acted reasonably in the performance of their duties with respect to Plaintiff Clemons." Defs.' Mem. at 7. Based on Clemons's testimony, a jury could find that Geanes's conduct was willful and wanton and that both he and Metra are liable for battery.

**Order to Show Cause**

In a footnote to their response brief, plaintiffs request that the defense be ordered to show cause why they should not be sanctioned for filing a clearly frivolous motion for summary judgment. *See* Pls.' Resp. Br. at 1 n.1. The request is denied. While the motion was without merit, this is not a case in which sanctions are warranted.